**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 7 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROBERTO RUVALCABA-DURAN, <br><br> Petitioner, <br><br> v. <br><br> JEFFERSON B. SESSIONS III, Attorney General, <br><br> Respondent. | No.   15-71310 <br><br> Agency No. A077-144-025 <br><br> MEMORANDUM* |

On Petition for Review of a
Final Order of Removal from the
Board of Immigration Appeals

Submitted February 16, 2018**
San Francisco, California

Before:  KLEINFELD and TALLMAN, Circuit Judges, and MURPHY,*** District Judge.

---

*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

***        The Honorable Stephen Joseph Murphy III, United States District Judge for the Eastern District of Michigan, sitting by designation.

Petitioner Roberto Ruvalcaba-Duran seeks review of a final order of removal from the Board of Immigration Appeals ("BIA").[1] He presents two challenges: (1) the BIA erred by failing to recognize that Petitioner's aggravated felony could be waived under 8 U.S.C. § 1182(h); and (2) the BIA erred in denying Petitioner's request for a withholding of removal by finding that "Mexican nationals who marry into a family with ties in the United States and Mexico that is a target for kidnapping and ransom in Mexico by gangs who have ties to the Mexican government" is not a cognizable social group.

**1.** The BIA correctly ignored whether Petitioner's aggravated felony could be waived under 8 U.S.C. § 1182(h). Petitioner was charged with removability on two grounds: (1) as an alien present in the United States without being admitted or paroled, 8 U.S.C. § 1182(a)(6)(A)(i); and (2) as an alien who had been unlawfully present in the United States for an aggregate period of more than one year and then entered or attempted to reenter the United States without being admitted, 8 U.S.C. § 1182(a)(9)(C)(i)(I). In preliminary hearings, Petitioner—with the assistance of counsel—admitted the factual allegations and conceded removability on both charges. That concession, if accepted by the Immigration Judge, is conclusive and

---

[1] The Court reviews the BIA's decision because it issued its own opinion rather than adopting the Immigration Judge's decision. *Simeonov v. Ashcroft,* 371 F.3d 532, 535 (9th Cir. 2004).

relieves the government of its burden to prove he is removable. *Perez-Mejia v. Holder*, 663 F.3d 403, 414 (9th Cir. 2011).

Petitioner, however, changed course at his merits hearing and there stated that he entered the United States using false identification. If true, Petitioner may not be removable under 8 U.S.C. § 1182(a)(9)(C)(i)(I) if his entrance with false identification is deemed to be "admission." On appeal, however, Petitioner does not challenge that he conceded removability under 8 U.S.C. § 1182(a)(9)(C)(i)(I). Rather, he argues that the concession is inoperative either because it was made as a result of ineffective assistance of prior counsel or because the Immigration Judge did not accept the earlier concession. The ineffective-assistance-of-counsel challenge is not properly before us because Petitioner did not raise it in his opening brief. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996) (holding that issues not raised in the body of the opening brief are deemed waived). And the record clearly shows that the BIA and the Immigration Judge accepted the concession: both opinions state that Petitioner conceded removability as to both charges, the Immigration Judge noted that she was "not accepting [Petitioner's] testimony that he entered with a false document," and the BIA found that the Immigration Judge "explicitly did not accept [Petitioner's] subsequent claim that he last entered the United States with a false document." The concession was sufficient to determine removability under 8 U.S.C. § 1182(a)(9)(C)(i)(I). *See* 9

3

C.F.R. § 1240.10(c). Under a plain reading of the statute, a waiver pursuant to 8 U.S.C. § 1182(h) does not apply to aliens removable under 8 U.S.C. § 1182(a)(9)(C)(i)(I). Petitioner is left without entitlement to any relief.

**2.** The BIA correctly found that Petitioner is not entitled to a withholding of removal. Petitioner alleges that he is at risk of persecution under 8 U.S.C. § 1231(b)(3)(A) because he belongs to the social group of "Mexican nationals who marry into a family with ties in the United States and Mexico that is a target for kidnapping and ransom in Mexico by gangs who have ties to the Mexican government." The BIA correctly rejected this allegation as too broad to be cognizable as a particular social group. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151–52 (9th Cir. 2010) (holding that Mexicans returning from the United States who could be targeted as victims of violent crime as a result is not a cognizable social group). To the extent Petitioner argues he is at risk due to an imputed political opinion—rather than membership in a social group—that issue was not raised below and is therefore not properly before us. 8 U.S.C. § 1252(d) (requiring an alien to exhaust all administrative remedies); *see also Vargas v. U.S. Dep't of Immigration & Naturalization*, 831 F.2d 906, 907–08 (9th Cir. 1987).

**PETITION DENIED**.